**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLA WIGTON,

          Plaintiff-Appellee,

  v.

STATE FARM FIRE AND CASUALTY
COMPANY,

          Defendant-Appellant.

No.   21-35718

D.C. No. 9:20-cv-00098-DWM

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted December 9, 2022
Seattle, Washington

Before: McKEOWN, MILLER, and MENDOZA, Circuit Judges.

State Farm Fire & Casualty Co. ("State Farm") appeals the district court's

summary judgment in favor of Carla Wigton. The district court held that State

Farm breached its duty to defend its insured, David Murphy, against Wigton's

claims that he sexually assaulted and harassed her. On appeal, State Farm

contends that the district court erroneously concluded that Wigton's Complaint

---

     \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

triggered coverage under Murphy's Homeowners Insurance Policy ("Homeowners Policy") and Personal Liability Umbrella Policy ("Umbrella Policy") and placed too much emphasis on the defenses that State Farm raised in its reservation of rights letter. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's grant of summary judgment. *Tschida v. Motl*, 924 F.3d 1297, 1302 (9th Cir. 2019). Because Wigton's allegations fall within at least two policy exclusions, we conclude that State Farm's denial of defense was justified and reverse the district court.

Under Montana law, insurers' duty to defend is broad but not inevitable. When a complaint is filed against an insured that alleges facts that fall within the policy provisions, an insurer must defend "[u]nless there exists an 'unequivocal' demonstration that the claim against an insured does not fall within the insurance policy's coverage." *Tidyman's Mgmt. Servs., Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014) (quoting *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 386 (Mont. 2004)). An insurer may rely on policy exclusions in making its determination but must construe them narrowly. *See id.* Even if an insurer thinks a policy exclusion might apply, "the prudent course of action is to defend the insured under a reservation of rights and file a declaratory judgment action to discern coverage." *Id.* An insurer who skips these steps does so "at its peril" because, if a court later finds its refusal to defend unjustifiable, "the insurer is

2

estopped from denying coverage and becomes liable for defense costs and judgments." *Id.*

State Farm's decision to forgo filing a declaratory action and deny defense outright may have been "at its peril," but it was not perilous. After reviewing the record, including Wigton's Complaint, we conclude that the policies' Willful and Malicious Act and Business Pursuits exclusions justify State Farm's decision to deny a defense. Because these exclusions are dispositive, we need not reach the issue of whether Murphy's alleged sexual misconduct constitutes an accidental "occurrence" within the bounds of the Homeowners Policy.

*Willful and Malicious Act Exclusions.* Both the Homeowners Policy and the Umbrella Policy exempt from coverage "bodily injury or property damage" that is "the result of any willful and malicious act of the insured." Unlike the "intended or expected injury" exclusions, the "willful and malicious acts" exclusions focus on the insured's conduct, not the resulting injury. Although these two exclusions are separate, the district court and Wigton collapse them. We conclude that Wigton's allegations clearly describe "willful and malicious" conduct. State Farm's denial of defense letter sufficiently identifies "willful and malicious acts" exclusions among the exemptions that apply.

*Business Pursuits Exclusions.* Both the Homeowners Policy and the Umbrella Policy exempt "business pursuits" from coverage. Specifically, the

3

Homeowners Policy excludes "bodily injury or property damages arising out of the business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured," and the Umbrella Policy excludes "loss arising out of any insured's business property or business pursuits." Wigton's Complaint alleges, "At all times relevant, Murphy was employed by [the apartment complex's owner] and acting in the course and scope of his employment." Although portions of Wigton's Complaint describe sexually abusive behavior that should offend any company's notion of a proper "business pursuit," Wigton's blanket assertion about the scope of Murphy's employment justifies State Farm's reliance on this exclusion. The denial of defense letter sufficiently identifies the "business pursuits" exclusions among the exemptions that apply.

**REVERSED.**